UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARRIOTT INTERNATIONAL, INC. | * | CIVIL ACTION NO. 17-10590 |
| AND SHERATON OPERATING | * | |
| CORPORATION | * | |
| | * | JUDGE IVAN L.R. LEMELLE |
| v. | * | |
| | * | |
| DEON DANNA | * | MAG. JUDGE DANIEL E. KNOWLES, III |
| | * | |

**************************************************************************

### DEFENDANT DEON DANNA'S
### MEMORANDUM OF POINTS AND AUTHORITIES
### IN SUPPORT OF MOTION TO DISMISS UNDER FRCP 12(b)(1) AND 12(b)(6)

Now comes Defendant Deon Danna, who in response to the COMPLAINT TO COMPEL

ARBITRATION, filed by Marriott International, Inc. and Sheraton Operating Corporation,

respectfully submits this Motion to Dismiss Petitioner's Complaint under the authority of Federal

Rule of Civil Procedure 12(b)1 and 12(b)6, as set out herein.

Specifically, and as regards FRCP 12(b)(1), there is a lack of subject matter jurisdiction as

Defendant Deon Danna has made no claims for damages against Sheraton and Marriott arising out of

his application for employment or employment with the Sheraton New Orleans Hotel, or for his

separation or resignation therefrom.  As such, there is no actual case or controversy to be adjudicated

and subject matter jurisdiction is lacking on the grounds of ripeness, standing, lack of diversity

jurisdiction, lack of federal question jurisdiction, and a lack of an actual arbitration agreement which

would relate to Danna's claim as a result of his employment at the Ritz Carlton several years before

he became employed at the Sheraton.  Additionally, the claims are moot because the Louisiana

District Court Judge denied Danna's Motion to Amend his Petition to allege facts relating to his

employment at the Sheraton, but which pleading did not attempt to assert any new claims.

Additionally, this Motion is brought under authority of 12(b)(6), as the complaint fails to state a claim upon which relief can be granted.  As indicated earlier, there is no claim by Defendant Danna for damages arising out of his employment at Sheraton, and as such there can be no order to arbitrate a non-existent claim.  Before discussing the merits of Defendant Danna's Motion to Dismiss, the following background information is provided.

### FACTUAL BACKGROUND

Plaintiffs Marriott and Sheraton have claimed that Defendant Danna has made claims for damages against them, which claims arise out of Danna's employment at the Sheraton New Orleans, but this is not true.  Deon Danna has never made any claims for damages against the Sheraton New Orleans, and has never made any claims for damages for anything arising out of his employment at the Sheraton New Orleans.  Mr. Danna has however made a claim for damages against Marriott arising out of his prior employment at the Ritz Carlton New Orleans and more specifically relating to unwarranted discipline that he received in 2009 and wrongful termination which occurred on February 4, 2010.  That lawsuit was filed in Louisiana State Court, in the Civil District Court for the Parish of Orleans, under case number 2011-1015, and is entitled *Deon Danna v. The Ritz-Carlton Hotel Company, LLC, Marriott International, Inc., Russell Miller, and Zachary Curry.*  Russell Miller was the general manager and Zachary Curry was the hotel manager at all relevant times.

Mr. Danna was hired by the Ritz Carlton in 2000 as the Assistant Director of Engineering, and in 2004 was promoted to Director of Engineering, where he made a substantial salary, bonus, and generous employee benefits.  Shortly after Mr. Miller was made the permanent manager at Ritz Carlton New Orleans, he instructed Deon Danna to make arrangements for Mr. Miller and his wife to select hotel furniture for their own personal use at their leased home.  Mr. Danna objected and told

2

Miller that was a bad idea.  Nevertheless he later followed orders because he was fearful of losing his job.  Danna was then instructed by Miller to take multiple truckloads of furniture to his house, and Miller utilized Ritz-Carlton employees to move the furniture for him.  Mr. Danna reported Miller's taking of furniture to the HR Director at the hotel immediately, and then later reported it to corporate HR, which conducted an investigation.  While one of the disputes in the Civil District Court case was whether Mr. Miller did in fact have permission to take the furniture, he returned it immediately at the close of the investigation after his boss told him to return the furniture.

After Danna initially refused to make arrangements to take the furniture, Miller issued the first discipline that Danna had received as Director of Engineering.  After Miller returned the furniture, Danna received multiple other disciplines which the evidence suggests were unfounded. The level of harassment by Miller of Danna got to the point that finally on January 3, 2010, Danna submitted a formal complaint to corporate HR at Marriott, which resulted in an investigation of Miller's conduct towards Danna.  Miller was reprimanded verbally by a corporate HR vice president and a coaching document (a form of discipline) was prepared by another HR official and is in evidence in the CDC case.  Within weeks of Miller being reprimanded, he fired Deon Danna on February 4, 2010.  Miller blamed Mr. Danna for the presence of carbon monoxide on guest floors of the Iberville Suites building of the Ritz Carlton, a three building complex.  However, the expert hired by Ritz Carlton to investigate the presence of CO has indicated in his deposition that Danna did nothing wrong, and that the presence of CO was due to equipment malfunction and design defects, which allowed CO that was properly being expelled out of the building to be recirculated back into the building.  Further, neither Miller nor anyone with Ritz-Carlton or Marriott ever even spoke to or called that expert prior to firing Danna in order to find out his opinions.

3

Therefore, Danna filed a lawsuit alleging whistleblower protection, contending that his reporting of Miller's taking of the furniture resulted in a pattern of unwarranted disciplines and harassment and ultimately him being fired. Additionally, a claim was made for breach of contract based upon a failure of Defendants to abide by the terms of the employee agreement which required a fair and complete investigation prior to termination and that Danna could only be fired for cause. Another issue in the case is whether or not a contract exists, with Ritz Carlton claiming that it is not a contract, but with Plaintiff and his expert, Professor Melissa Lonegrass at LSU, indicating that the employee agreement is in fact an employment contract.

Additionally, and during the course of discovery, it was learned that the Defendants had destroyed and/or failed to preserve numerous documents which are detailed in Danna's First and Second Amended Petitions, and which evidence destruction is the subject of a Motion for Adverse Presumption, which has already been filed by undersigned counsel in the State Court proceedings.

At one point Danna did seek leave of court to file a Third Amended Petition but this was denied by the trial court, and therefore the Third Amended Petition, which has been attached to the Complaint herein by Sheraton and Marriott is not part of the CDC case. It was Danna's intention to simply update the factual details of what had occurred since his wrongful termination at Ritz Carlton, but at no point in the Third Amended Petition were any claims made against Sheraton. Nevertheless, leave of court to file the Third Amended Petition was never granted. So there are no claims in the CDC court that deal with Danna's employment with the Sheraton in any way whatsoever. Trial is on February 20, 2018, more than seven years after Danna was wrongfully terminated, and after a very contentious and hotly disputed discovery, as well as numerous writs and appeals.

### *STANDARD OF REVIEW*

When faced with a Rule 12(b) motion to dismiss that raises challenges both to the Court's jurisdiction over the claims asserted and to the failure of the complaint to state a claim upon which relief must be granted, the Court has the duty to investigate and determine whether or not it has the power to consider the claims alleged and thus must first rule on the motion to dismiss for lack of jurisdiction. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

When considering a motion to dismiss for lack of subject matter jurisdiction, "[t]here should be little need for a reminder that federal courts are courts of limited jurisdiction, having only the authority endowed by the Constitution and that conferred by Congress." *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010). A close examination of this Court's jurisdiction over Plaintiffs' Complaint is crucial, as "federal trial and appellate courts have the duty to examine the basis for their subject matter jurisdiction, doing so on their own motion if necessary." *Lewis v. Hunt*, 492 F.3d 565, 568 (5th Cir. 2007). In deciding such a motion, "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case," and in considering the motion, "the district court is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005). Because the Plaintiffs are the ones seeking to invoke federal jurisdiction, they bear the burden of demonstrating that jurisdiction is proper." *Lara v. Trominski*, 216 F.3d 487, 491 (5th Cir. 2000). "The plaintiff has the burden of proving subject matter jurisdiction by a preponderance of the evidence. ... In evaluating jurisdiction, the district court must resolve disputed facts without giving a presumption of truthfulness to the plaintiff's allegations." *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009).

5

In considering a 12(b)(6) motion to dismiss for failure to state a claim, "[a] federal court must grant the motion to dismiss if, viewing the alleged facts in the light most favorable to the non-moving party, the complaint fails to state a claim to relief that is plausible on its face. ... To be sufficient, a complaint must include factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Higginbotham v. Connaster*, 420 Fed. Appx. 466, 468 (5th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). A court does "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). When evaluating a 12(b)(6) motion, "the central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010).

In reviewing a plaintiff's complaint in the face of a 12(b) motion, the reviewing court is typically limited to the face of the complaint but also can refer to exhibits attached to the complaint, documents referenced in but not attached to the complaint, and any document in the public record. *See In re Refined Petro. Prods. Antitrust Litig.*, 649 F. Supp. 2d 572, 578 (S.D. Tex. 2009) (citing *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) and *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) and noting that the Fifth Circuit permits the district court to consider (1) the contents of the pleadings, (2) documents referred to in the plaintiff's complaint and that are central to the claims at issue, and (3) matters of public record when deciding a Rule 12(b)(6) motion to dismiss).

A.     **FRCP 12(B)(1): LACK OF SUBJECT MATTER JURISDICTION**

    **1. Ripeness and standing**

Plaintiffs Marriott and Sheraton have brought a claim to compel arbitration based on an arbitration agreement signed by Defendant Deon Danna on September 5, 2013, when he became employed with the Sheraton. However, Danna has not asserted any claims against the Sheraton relating to "Defendant's employment at the SNOH, including his application for employment, or his resignation therefrom". Plaintiffs' Complaint to Compel Arbitration suggests in paragraphs 44, 45, 47, 48, 49, 50, 60, 62, 64, as well as the prayer that Defendant be required to submit his claims to arbitration but nowhere in the Complaint or its attachments, is there an allegation or evidence that an actual claim for damages has been made against the Sheraton or Marriott for any matters relating to Mr. Danna's employment at the Sheraton. As such, the Complaint on its face is deficient.

The only claims that have been asserted by Mr. Danna predate his employment at the Sheraton, and arise out of his wrongful termination from his job at the Ritz Carlton New Orleans on February 4, 2010. Strangely, and although referred to multiple times in the Complaint, plaintiffs did not attach as an exhibit a copy of Deon Danna's initial Petition for Damages, his First and Second Amended Petitions which dealt with spoliation of evidence by Defendants, or his Fourth Amended Petition, which clarified that plaintiff's claim for damages extended until his anticipated retirement at age 65. These pleadings are attached to this Rule 12(b)(1) Motion as <u>Exhibits A, B, C, and D</u>, respectively.

Defendant Danna also asks the Honorable Court to consider a pleading that was filed by Danna in the CDC suit on October 19, 2017. In particular, the Defendants in the CDC suit (Plaintiffs herein) asked the State Court to allow discovery in order to determine the facts and circumstances regarding Danna's employment at the Sheraton, his resignation from the Sheraton, the events leading

up to it, and his application for employment, but Danna objected to such discovery as irrelevant.  In

Danna's "Memorandum in Opposition to Defendants' Motion for Leave to Conduct Certain

Discovery and Take Other Steps", it is very clear that Danna is not seeking damages regarding his

employment at the Sheraton, and the following is quoted from pages 4-5 of that Memorandum which

is attached as <u>Exhibit E</u>:

> As this Honorable Court is aware, Mr. Danna resigned from the Sheraton on
> August 23, 2017.  Defense counsel has inquired whether Mr. Danna wanted to
> arbitrate any issues that he has with the Sheraton, and undersigned counsel indicated
> that the only impact that the resignation has on this case is the amount of lost wages
> that Mr. Danna will suffer.  As plaintiff's petition indicates, plaintiff seeks as damages
> in this case the difference between what he earned at the RCNO (and would have
> earned had he remained there) and what he actually earned in jobs that he has had as
> regards past lost wages, and jobs he could expect to have as regards future lost wages,
> together with emotional damages.  Mr. Danna's departure from the Sheraton does not
> change that formula for damages.  It does however potentially affect the calculations
> of lost wages.  While he was employed at the Sheraton, both parties could more easily
> calculate his measure of lost wages, and now there are more variables.
>
> Defendants incorrectly suggest that Plaintiff is asking for damages for the
> unprofessional manner in which Plaintiff was treated at the Sheraton.  As your Honor
> will recall, Plaintiff did attempt to amend his petition to recite the actions of Sheraton
> / Marriott regarding Mr. Danna, but your Honor declined to enlarge the pleadings with
> any mention of Sheraton's actions, stating that we had enough issues already, or words
> to that effect.  Plaintiff accepted this Honorable Court's ruling, and moved on.

This Honorable Court can take notice of this pleading filed in the State Court proceedings, in which

it is clear that there is no claim being asserted for events at the Sheraton.

The measure of damages set forth in Danna's Original and Amending Petitions is the

differential between what the plaintiff would be expected to make at the Ritz Carlton New Orleans

and what he was able to earn subsequent to the wrongful termination of his Ritz Carlton employment

in 2010.  As can be seen by reference to paragraph 41 of the Original Petition (<u>Exhibit A</u>), as well as

paragraph A and amended paragraph 41 of the Fourth Amended Petition for Damages (<u>Exhibit D</u>),

the element of damages for economic loss has remained the same since long before Danna was

employed at the Sheraton.  As such, this measure of damages in the lawsuit against the Ritz Carlton New Orleans and Marriott (the parent company) and two Ritz Carlton employees (Russell Miller, the General Manager, and Zachary Curry, the Hotel Manager) arises from causes of action that predate Mr. Danna's employment at the Sheraton and are unrelated to that employment.  As such, Plaintiff's Ritz Carlton New Orleans lawsuit is not a claim that would be covered by the Sheraton arbitration agreement.  Further, there is no evidence of any claim for damage that has been made against the Sheraton, because there is no such claim for damages.

As such, there is no actual case or controversy, which is a prerequisite for the subject matter jurisdiction of the Federal Courts under Article III of the U.S. Constitution, Section 2.  Absent such a true case or controversy, a dismissal under FRCP 12(b)(1) is called for.  *Rhoades v. Avon Products, Inc.,* 504 F3d 1151, 1157 (9th Circuit, 2007).  Accordingly then, and as there is no actual case or controversy, the complaint should be dismissed for lack of standing and lack of ripeness.  *Chandler v. State Farm Mutual Automobile Insurance Company*, 598 F3d 1115, 1122 (9th Cir. 2010); *Stalley ex rel. United States v. Orlando Regional Healthcare Systems,* 524 F3d 1229, 1232 (11th Cir. 2008); *Apex Digital Incorporated v. Sears Roebuck and Company,* 572 F3d 440, 443 (7th Cir. 2009).

Further, Plaintiffs Sheraton and Marriott point to no injury in fact that they have suffered.  It is well established that the complaint of injury be "actual or imminent" and "not conjectural or hypothetical". *Spokeo, Ins. v. Rubins*, 136 S. Ct. 1540, 1548 (2016); *Summers v. Earth Island Ins.* 555 US 488, 495, 496, (2009), 129 S. Ct. 1142, 1150-14152.

**2.  Lack of Damage Claim Prevents Diversity Jurisdiction**

As indicated earlier, Defendant Danna has not made any claims against Sheraton or Marriott regarding his employment at the Sheraton, and as such there is no amount in dispute.  Therefore there can be no diversity jurisdiction, as such jurisdiction requires that in excess of $75,000 be in dispute.

### 3.  There is No Federal Question

There is no federal question presented in Plaintiffs' Complaint and it is well established that

9 USC §4 does not create any independent federal question jurisdiction.  The United States Supreme

Court noted this in the case of *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1,

26, 103 S. Ct. 927, 942, 74 L. Ed. 2d 765 (U.S. 1983), where it stated:

> The Arbitration Act is something of an anomaly in the field of federal-court
> jurisdiction.  It creates a body of federal substantive law establishing and regulating
> the duty to honor an agreement to arbitrate, yet it does not create any independent
> federal-question jurisdiction under 28 U.S.C. § 1331 (1976 ed., Supp. IV) or
> otherwise.  Section 4 provides for an order compelling arbitration only when the
> federal district court would have jurisdiction over a suit on the underlying dispute;
> hence, there must be diversity of citizenship or some other independent basis for
> federal jurisdiction before the order can issue.

Additionally, as there is no claim by Defendant Danna against Petitioners relating to his

employment at the Sheraton, there is no possible federal question on which to base jurisdiction.

### 4.  Even if a Federal Question Exists, Jurisdiction is Lacking Because There is no Claim for Damages

Plaintiffs allege that a federal question exists under 9 USC §4 of the Federal Arbitration Act

("FAA"), but Defendant Danna contests this, as presented above.  But even assuming that a federal

question exists, jurisdiction would still be lacking because there is no claim for damages by Defendant

Danna for events arising out of his employment at the Sheraton.  As the FAA requires that an actual

claim for damages be present in order for it to even apply, and there is no such claim, no jurisdiction

can exist.

### 5.  Mootness

It is well established that mootness is also a question of subject matter jurisdiction, and is

properly challenged under Rule 12(b)(1).  *Gear Wizzard, Inc. v. United States,* 99 Fed. CL.266, 274

(Fed. CL. 2011); *Doyle v. Midland Credit Management, Inc.,* 722 F3d 78, 80 (2nd Cir. 2013).  Even

assuming that Defendant Danna ever attempted to make a claim for a workplace event at the Sheraton, that issue is moot.  As indicated by paragraph 27 of the Complaint, Danna attempted to file a Third Amended Petition in the Civil District Court suit against Ritz Carlton, but was denied leave of court to do so.  While plaintiffs herein characterize the Third Amended Petition as an attempt to add claims relating to Danna's employment, it did not add any claims, but simply attempted to update the chronology of events that had occurred since the filing of the original petition.  In any event, the Court denied leave of court to file the Third Amended Petition, and in fact made it very clear that none of the developments at the Sheraton were to become part of the litigation in the Ritz Carlton suit.  Also, and although mentioned by plaintiffs Sheraton and Marriott in their Complaint, the actual Judgment denying the Third Amended Petition was not attached to the Complaint, and is attached hereto as Exhibit F.  As such, the denial of the Third Amended Petition renders moot any suggestion by the Petitioners herein that any claims relating to Danna's employment at the Sheraton or his departure therefrom is part of the CDC lawsuit.  It clearly is not.  Additionally, and as can be seen by Exhibit D, the Fourth Amended Petition, the only change that was allowed by the Court following the hearing on the Third Amended Petition was simply to clarify the extent of the damages would continue until plaintiff's anticipated retirement at the age of 65.  Again, this element of damages sought by Danna was the differential between what Danna made at the Ritz Carlton, or could be expected to make in the future there and what he actually earned with other employers thereafter.  As such, even before Danna's resignation from the Sheraton, the damages that were anticipated were damages until the time that he is 65.

### 6. Plaintiffs Can Not Meet Their Burden of Proof on a 12(b)(1) Motion

It is well established that since the plaintiff is the party who has attempted to invoke the Court's jurisdiction, the plaintiff bears the burden of establishing Federal subject matter jurisdiction.

11

As such, this Honorable Court is to presume a lack of jurisdiction unless plaintiff proves otherwise. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 US 375, 376-378, 114 S.Ct. 1673, 1675 (1994); *In re. Wilshire Courtyard,* 729 F3d 1279, 1284 (9th Cir. 2013); *United States ex rel. Eitel v. Reagan,* 898 F.Supp. 734, 737 (D OR 1995).

Further, Defendant Danna's 12(b)(1) Motion should be granted if the plaintiffs cannot prove "a plausible set of facts that establish subject matter jurisdiction". *Davis v. Unites States,* 597 F3d 646, 649 (5th Cir. 2009); *Terenkian v. Republic of Iraq,* 694 F3d 1122, 1131 (9th Cir. 2012). As Defendant Danna has not made a claim for damages arising out of his employment at the Sheraton, there is no plausible set of facts that can establish subject matter jurisdiction.

As mentioned earlier, Plaintiffs failed to attach Danna's Original Petition, the First Amended Petition, the Second Amended Petition and the Fourth Amended Petition. As Plaintiffs failed to do so, Defendant Danna is entitled to attach those documents. *Branch v. Tunnell,* 14 F3d 449, 454 (9th Cir. 1994); *Bryant v. Avado Brands, Inc.,* 187 F3d 1271, 1281 (11th Cir. 1999). These documents contradict Plaintiffs' claim herein that Danna's Sheraton employment is somehow at issue in the State Court case. It is respectfully suggested that this Honorable Court in particular pay attention to paragraph 41 of the Original Petition (Exhibit A) and paragraph A and amended paragraph 41 of the Fourth Amended Petition for Damages (Exhibit D). Consideration is certainly warranted because these documents are in fact central to plaintiffs' claim, have been referenced in Plaintiffs' Complaint herein, and no party would question the authenticity of these actual records from Civil District Court. Also, there can be no actual dispute that these documents are relevant to the current issues, and therefore should be considered. *Mediacom Southeast LLC v. BellSouth Telecommunications, Inc.,* 672 F3d 396, 400 (6th Cir. 2012). It should furthermore be pointed out that a review of these documents is necessary in order to prevent Plaintiffs from surviving a Motion to Dismiss simply

12

because they failed to attach these documents central to the case. *Pension Benefit Guar. Corp. v. White Consolidated Industries, Inc.,* 998 F2d 1192, 1196 (3rd Cir. 1993).

It should furthermore be pointed out that this Honorable Court need not accept as true any of the allegations in the complaint which are contradicted by the facts set forth in the attached Exhibits and upon which this Honorable Court can take judicial notice. *Thompson v. Illinois Dept. of Prof. Reg.,* 300 F3d 750, 754 (7th Cir. 2002); *United States ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F3d 370, 377 (5th Cir. 2004); *Sprewell v. Golden State Warriors,* 266 F3d 979, 988 (9th Cir. 2001).

Since a 12(b)(1) Motion can be decided based upon extrinsic evidence. *Voisin's Oyster House, Inc. v. Guidry*, 799 F2d 183, 189 (5th Cir. 1986), and in an abundance of caution, the Affidavit of Deon Danna is also submitted as Exhibit G which establishes that no claim is being made for anything related to Plaintiff's employment at the Sheraton.  Therefore, factually the Complaint should be dismissed.  This Affidavit is submitted solely for the purposes of the Rule 12(b)(1) Motion and should not be considered in connection with the 12(b)(6) Motion.

**7.  Marriott Has No Standing**

Plaintiffs have attached to the Complaint an exhibit entitled "Mutual Agreement to Arbitrate", which is an agreement between Starwood Hotels and Resorts Worldwide, Inc. / Sheraton New Orleans Hotel and Mr. Danna.  Marriott is not a party to the agreement and therefore Marriott has no standing to make any claim arising from that agreement.  It appears that Marriott's presence is because Plaintiffs are hopeful that this Honorable Court would issue an Order granting Arbitration that would be worded so broadly as to affect the pending litigation in Civil District Court.  It is noted that the actual Complaint until the very last paragraph makes mention of claims relating to Defendant's SNOH application, Defendant's employment or Defendant's resignation or separation therefrom, but in paragraph 64, in its closing words, asks that the arbitration be ordered for not only those claims but

13

"including any claims or disputes involving Defendant and Marriott, or Sheraton, and/or any of plaintiffs affiliates or associates".  As Marriott is a Defendant in the CDC lawsuit, as are two associates (Russell Miller and Zachary Curry), it appears that Plaintiffs' actual desire is for this Honorable Court to disrupt the proceedings in Civil District Court.  Needless to say, this Court should not allow Plaintiffs Marriott and Sheraton to interfere with the proceedings in the Civil District Court that have no connection whatsoever to any arbitration agreement that was signed by Sheraton and Danna, especially since it was signed long after Danna had already filed suit against Ritz Carlton, Marriott, Russell Miller, and Zachary Curry as a result of his wrongful termination on February 4, 2010.

B.   **FRCP 12(B)(6): FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

The Complaint of Sheraton and Marriott fails to state a claim upon which relief can be granted, in that the Complaint fails to establish that in fact Defendant Danna has made any claim for damages arising out of his employment at the Sheraton, or surrounding his resignation, or concerning his application to the Sheraton.  Marriott and Sheraton cannot do so because no such claim has been made.  While it is true that Plaintiff sought to file a Third Amended Petition which sets forth facts relating to Defendant Danna's employment at the Sheraton, the Louisiana trial court denied the Motion and therefore the Civil District Court lawsuit does not contain any claims relating to Danna's employment at the Sheraton or regarding events surrounding his resignation, or involving his application.

As stated earlier, Plaintiffs Marriott and Sheraton have referenced Danna's claim in the CDC suit in paragraphs 11, 12, 13, 14, and 27, but have failed to attach Danna's initial Petition, his First and Second Amended Petitions (regarding the spoliation of evidence by the four defendants in that lawsuit), and his Fourth Amended Petition, which simply clarified that he was claiming economic

14

damages until the time that he reached retirement at age 65. Importantly, Danna's measure of economic damage was the differential between what he had earned or could earn at the Ritz Carlton and what he had earned or could earn in subsequent employment up until the age of 65. Danna's Original and Amended Petitions in no way state a cause of action regarding Plaintiff's employment at the Sheraton, or the application process there, or the events surrounding his resignation.

Furthermore, the actual documents attached by plaintiffs Sheraton and Marriott contradict their own conclusions in that the Arbitration agreement requires that there actually be a claim to submit to Arbitration and in this situation there is no claim for damages arising out of Danna's employment at the Sheraton. The only claims that have been asserted by Defendant Danna in his own lawsuit, are those in connection with his employment at Ritz Carlton New Orleans, his wrongful termination therefrom, and the resulting damages which are set forth therein. As such, the Exhibits attached to the Complaint and the Exhibits referenced in the Complaint contradict the plain wording of the Complaint. *Branch v. Tunnell*, 14 F3d 449, 454 (9th Cir. 1994); *Bryant v. Avado Brands, Inc.,* 187 F3d 1271, 1281 (11th Cir. 1999). This Honorable Court certainly can take notice of these documents in a Rule 12(b)(6) Motion as the Complaint refers to the documents, the documents are central to Plaintiffs'' claim, and no party questions the authenticity of these documents. *United States v. Corinthian Colleges,* 655 F.3rd 984, 999 (9th Cir. 2011); *Chambers v. Time Warner, Inc.,* 282 F.3rd 147, 153, fn. 3 (2nd Cir. 2002).

Further, it is well established that the Court may disregard the allegations in the Complaint if these in fact are contradicted by the facts established by reference to documents attached to the Complaint. *Thompson v. Illinois Dept. of Prof. Reg.,* 300 F3d 750, 754 (7th Cir. 2002), which further indicates that when a contradiction exists "the exhibit trumps the allegations"; *United States ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F3d 370, 377 (5th Cir. 2004); *Sprewell v. Golden State*

*Warriors,* 266 F3d 979, 988 (9th Cir. 2001). Further, it is accepted that the Court need not accept as true allegations that contradict facts which may be judicially noticed by the Court as part of the pleadings in the other case. *Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F3d 954, 960 (9th Cir. 2010). Mr. Danna's resignation letter to the Sheraton did not say he was making a claim, simply that he was treated unfairly, and therefore this contradicts the Complaint.

Accordingly then, and if viewed in a light most favorable to plaintiffs Sheraton and Marriott, the Complaint simply states (1) that Mr. Danna has ongoing litigation against Ritz Carlton and others arising out of a 2010 wrongful termination; (2) the State Court denied Danna leave of Court to file a Third Amended Petition that sought to set forth facts relating to his employment at Sheraton but in which no claims were made against the Sheraton; and (3) that Danna has made no claims for damages for anything relating to his employment at the Sheraton, or the application process, or the circumstances surrounding his resignation from the Sheraton. As such then, there is no claim for damages arising out of Danna's employment at the Sheraton.

It appears that Plaintiffs' complaint herein is based upon the resignation letter submitted by Mr. Danna in which he simply states that he feels that he was treated unfairly but which does not mention any claims for damages. Therefore, the Complaint fails to state a claim upon which relief can be granted. Arbitration is not something to be used for imaginary claims, or even to resolve a grievance or dissatisfaction that a former employee has, if that grievance is not the subject of an actual claim for damages. To suggest otherwise would be to require arbitrations whenever an employee left because they were dissatisfied with the way they were treated. Instead, it is clear that arbitration is only appropriate when an actual claim has been made and none has been made herein.

*CONCLUSION*

For the reasons set forth herein, Defendant Deon Danna asks this Honorable Court to grant

his Motion to Dismiss Plaintiffs Complaint under FRCP 12(b)(1) or alternatively under FRCP

12(b)(6).

Dated this 6<u>th</u> day of November, 2017.

Respectfully submitted,

/s/ K. Randall Evans
K. Randall Evans, #16904, T.A.
H. James Parker, #22847
Evans & Clesi, PLC
336 Lafayette Street, Suite 200
New Orleans, LA  70130
(504) 523-8523; (504) 523-8522 – fax
krevans@evansandclesi.com

## CERTIFICATE OF SERVICE

I certify that on the 6th day of November, 2017, I electronically transmitted the attached
document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of
Electronic Filing to the following CM/ECF registrants:

George D. Fagan
Margaret F. Swetman
Stephanie Villagomez Lemoine
Leake & Andersson, LLP
1100 Poydras Street
1700 Energy Centre
New Orleans, LA  70163-1706
(504) 585-7500
Fax: (504) 585-7775
Attorneys for Plaintiff

/s/ K. Randall Evans
K. Randall Evans, #16904, T.A.

7612/Memorandum of Points