## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARRIOTT INTERNATIONAL, INC., | * | CIVIL ACTION |
| AND SHERATON OPERATING | * | |
| CORPORATION | * | |
| | * | |
| VERSUS | * | NO.  2:17-cv-10590-ILRL-DEK |
| | * | |
| DEON DANNA | * | JUDGE LEMELLE |
| | * | MAGISTRATE KNOWLES |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE HEARING ON PLAINTIFFS' MOTION TO COMPEL ARBITRATION [DOC. 12] AND TO DEFENDANT'S MOTION FOR EXPEDITED HEARING ON HIS MOTION TO CONTINUE HEARING ON MOTION TO COMPEL ARBITRATION [DOC. 13]**

Marriott International, Inc. ("Marriott") and Sheraton Operating Corporation ("Sheraton"), Plaintiffs, through their counsel of record, submit this combined memorandum in opposition to the following two motions submitted by Deon Danna, Defendant ("Mr. Danna"): (1) the Motion to Continue Hearing on Plaintiffs' Motion to Compel Arbitration[1] (the "Motion to Continue"); and, (2) the Motion for Expedited Hearing on Plaintiffs' Motion to Compel Arbitration[2] (the "Motion for Expedited Hearing").

### BACKGROUND

Plaintiffs filed a Motion to Compel Arbitration on October 31, 2017.  In the motion, Plaintiffs' asked the Court to determine that any claims or disputes relating to Mr. Danna's employment or the termination of his employment from the Sheraton New Orleans Hotel ("SNOH") are subject to arbitration pursuant to the Arbitration Agreement that Mr. Danna signed in September 2013, when he accepted the offer for the SNOH Director of Engineering

---

[1]      Doc. 12.

[2]      Doc. 13.

position.[3]  The current submission date for Plaintiff's Motion to Compel Arbitration is November 15, 2017.[4]

Mr. Danna filed a Motion to Dismiss Plaintiffs' Motion to Compel on November 7, 2017.[5]  The current submission date for Mr. Danna's Motion to Dismiss is December 6, 2017.[6] In his Motion to Continue filed on November 7, 2017, Mr. Danna asked the Court to continue the submission date for Plaintiffs' Motion to Compel Arbitration to a date after the Court decides Mr. Danna's Motion to Dismiss, and to set the new submission date on January 3, 2018, or such other date and time as may be set by the Court.[7]

1.    **Plaintiffs Request that Both Motions Be Submitted on the Same Date.**

For the reasons described in the next section, Plaintiffs respectfully request that the Court set Plaintiffs' Motion to Compel Arbitration and Mr. Danna's Motion to Dismiss on the same submission date.  Plaintiffs accordingly request that the Court enter an Order re-setting the November 15, 2017 submission date for Plaintiffs' Motion to Compel Arbitration to December 6, 2017, which is the current submission date for Mr. Danna's Motion to Dismiss.[8]

2.    **Mr. Danna's Request to Set Separate Submission Dates for the Two Motions Should Be Denied.**

Mr. Danna has requested that the Court separately address his Motion to Dismiss before it considers Plaintiffs' Motion to Compel Arbitration.  The Court should not grant Mr. Danna's

---

[3]    Doc. 9-4, p.1.
[4]    Doc. 9.
[5]    Doc. 10.
[6]    Doc. 10.
[7]    Doc. 12, p. 1.
[8]    Doc. 10; Plaintiffs intend on requesting the opportunity to present oral argument with respect to Plaintiffs' Motion to Compel Arbitration and Mr. Danna's Motion to Dismiss, which is another reason that warrants the Court setting the submission dates for both motions on the same date.  In the event that the Court allows the parties to present argument on their respective motions, lead counsel for Plaintiffs is unable to participate in oral argument on the December 6, 2017 submission date, as he will be out of state from December 4-7, 2017.  The Court's next available hearing date is December 20, 2017, and Plaintiffs' lead counsel is available on that date.

.

Motion to Dismiss because it is unsupported in the law, unwarranted under the facts and circumstances of this matter, would subject Plaintiffs to unwarranted further litigation in the CDC Lawsuit in disregard of the valid and binding Arbitration Agreement, and would unduly prejudice Plaintiffs.[9]  The CDC Lawsuit is set for trial commencing on February 20, 2018.

The issues raised in Plaintiffs' Motion to Compel Arbitration[10] clearly overlap and directly relate to the arguments and contentions raised in Mr. Danna's Motion to Dismiss.[11] Specifically, both motions ask the Court to address and decide whether or not Plaintiffs have the right to compel arbitration of the claims and disputes described in Plaintiffs' Complaint, which relate to any damages or losses that relate to or arise out of Mr. Danna's employment with and/or termination from the SNOH.  Mr. Danna has not offered any authority to support the Court granting his request to separately consider these related motions.  Further, Mr. Danna's request that this Court defer any ruling on Plaintiffs' Motion to Compel Arbitration appears to be aimed at delaying this Court's consideration of Plaintiffs' Motion to Compel Arbitration until Mr. Danna proceeds to trial in the CDC Lawsuit on February 20, 2018, which is in contravention of the Arbitration Agreement.

Therefore, in the interests of judicial efficiency and economy, the Court should consider both motions at the same time, and should deny Defendant's Motion to set separate submission dates for the two motions.

---

[9]     Doc. 10; The term "CDC Lawsuit" refers to the lawsuit that Mr. Danna filed on January 31, 2011 against Marriott, Ritz-Carlton, Russell Miller and Zachary Curry ("CDC Defendants"), which lawsuit is docketed in the Civil District Court for the Parish of Orleans, State of Louisiana, Docket No. 2011-1015 ("CDC Lawsuit")[9].
[10]    Doc. 9.
[11]    Doc. 10.

**3.** **Plaintiffs' *Initial* Responses to Defendant's Additional Arguments Relating to Defendant's Motion to Dismiss.**

Mr. Danna's Motion to Continue addressed and discussed the merits of Mr. Danna's Motion to Dismiss, as well as Plaintiffs' Motion to Compel Arbitration. As such, Plaintiffs will briefly respond to and address those arguments in further opposition to Mr. Danna's Motion to Continue, while reserving their rights to more fully brief those issues at a later date:

(a) The Arbitration Agreement Applies to Marriott.

Mr. Danna's Motion to Dismiss essentially argues that Marriott is not subject to the Arbitration Agreement because Marriott did not acquire Starwood, Sheraton's parent, until September 23, 2016, over three years after September 5, 2013, the date when Mr. Danna signed the Arbitration Agreement. Mr. Danna apparently contends that Marriott cannot enforce the Arbitration Agreement because the parties who could compel arbitration were "frozen in time" on September 5, 2013. This argument lacks any merit whatsoever. The Arbitration Agreement expressly states that "[a]ny reference in this Agreement to the Company [Sheraton] also refers to all of the Company's affiliated entities . . ., and all successors and assigns of any of them." [12] Marriott undeniably became an affiliate, successor and/or assign of Sheraton when it acquired Starwood.

The Arbitration Agreement thus plainly applies and extends to Marriott and Sheraton, to any of their affiliates, successors or assigns, and to any associates of any of the foregoing.

(b) Plaintiffs Are Entitled to Arbitrate *Their Claims* Against Mr. Danna.

Mr. Danna erroneously believes and contends that Plaintiffs are only seeking to compel arbitration because he has claims *against Sheraton or Marriott*. In fact, Plaintiffs seek to arbitrate their claims *against Mr. Danna* regarding his employment and termination thereof from

---

[12]    Doc. 9-4, p.1.

the SNOH, as the Arbitration Agreement plainly allows.  The Arbitration Agreement - which is entitled _**Mutual**_ Agreement to Arbitrate - plainly imposes and grants _**mutual**_ obligations and rights to arbitrate any claims and disputes with, against or between the entities and individuals described therein:

> I hereby agree that, except as otherwise provided herein, all disputes and claims for which a court otherwise would be authorized by law to grant relief, in any manner, that I may have, now or in the future, during or after my employment with the Company, of any and every kind or nature whatsoever with or against the Company, any of the Company's affiliated, subsidiary or parent companies, partners, joint venturers, owners of properties the Company manages, and/or any of its or their directors, officers, employees or agents, or any disputes and claims that the Company or any of the Company's affiliated, subsidiary or parent companies, may have against me (collectively, "Claims"), shall be submitted to the American Arbitration Association ("AAA") to be resolved and determined through final and binding arbitration before a single arbitrator and to be conducted in accordance with the National Rules for the Resolution of Employment Disputes of the AAA.[13]

Contrary to Mr. Danna's arguments, the Arbitration Agreement clearly is not limited to Plaintiffs' seeking to compel Mr. Danna to arbitrate his claims _**against Sheraton or Marriott**_. Instead, the Arbitration Agreement unambiguously allows Sheraton, any Sheraton affiliate, parent or subsidiary, and any associate of any of the foregoing, to arbitrate any claims and disputes it may have _**against Mr. Danna**_.  This is exactly the relief that Marriott and Sheraton are requesting in the Motion to Compel Arbitration.

Plaintiffs are clearly entitled to compel arbitration of _their claims_ against and disputes with Mr. Danna.

        (c)      <u>Whether or Not Plaintiff Chooses to Assert Claims Against Defendants Is Immaterial to this Court's Diversity or Subject Matter Jurisdiction</u>.

While conceding that he has asserted claims _against Marriott_ (but supposedly only in the CDC Lawsuit), Mr. Danna argues that diversity jurisdiction is lacking because he _**now**_ claims he

---

[13]      Doc. 9-4, p.1.

is not (presently) seeking any damages or relief _against Sheraton_.[14]   Again, Mr. Danna's _new_ position that he is not - for the moment - making any claim _against_ Sheraton has no relevance to the Court's diversity jurisdiction over the claims and disputes that Sheraton and Marriott have made and asserted _against Mr. Danna_.  Sheraton and Marriott both claim that they are not liable for and are not obligated to pay any damages or relief to Mr. Danna because of the false statements that he made in his July 2, 2013 employment application that he submitted to the SNOH.  Defendant's false statements breached various duties (including Mr. Danna's duty to mitigate damages), and severed any alleged causation to his February 4, 2010 termination as the Director of Engineering at the Ritz-Carlton, New Orleans ("RCNO").  Plaintiffs contend that Mr. Danna's own actions and conduct are the only reasons why he is no longer employed at the SNOH.  As Mr. Danna made clear in his filings with this Court, Mr. Danna is clearly seeking damages from and against Marriott for and following the loss of his position at the SNOH.  These are arbitrable claims and disputes.

This Court has diversity and subject matter jurisdiction to compel the arbitration of Plaintiffs' claims and disputes against Mr. Danna.

(d)   The Amount in Controversy Exceeds $75,000 Exclusive of Costs.

Mr. Danna contends that the amount in controversy is not satisfied, but this is only based on his contention that his claims _against Sheraton_ have no value.   Again, Marriott and Sheraton claim that Mr. Danna is solely at fault and to blame for making the false statements that led to him losing his job at the SNOH.  The potential value of Marriott and Sheraton prevailing on such claims against Mr. Danna is relevant factor for assessing whether the amount in controversy requirement has been satisfied.  If Plaintiffs prevail, Defendant would not be entitled to recover

---

[14]   Notably, Plaintiff's very carefully worded Affidavit [Doc. 12-9] does not release, waive or discharge any claims against Sheraton or Marriott, or any of their affiliates, parents, subsidiaries, or any associates of any of the foregoing.

any damages or relief against Sheraton or Marriott, or any of their parent, subsidiary or affiliated companies, or any of their associates.  The July 20, 2017 report prepared by Kenneth Boudreaux, Mr. Danna's economic "expert" in the CDC Lawsuit, clearly indicates that the potential value of Plaintiffs prevailing against Defendant greatly exceeds $75,000:

> You have also asked that I produce a set of results that assumes Mr. Danna will be terminated from his Sheraton employment as of 4/1/17 and will thereafter become employed at $75,000.... The present value of that differential is $2,759,029.39.

During his August 30, 2017 deposition in the CDC Lawsuit, Mr. Danna's expert re-computed Mr. Danna's alleged damages following the loss of his SNOH job on August 24, 2017.  The July 20, 2017 report and the relevant excerpts from the August 30, 2017 deposition will be submitted as exhibits to Plaintiffs' memorandum opposing Mr. Danna's Motion to Dismiss.

The testimony and report by Mr. Danna's own expert establish that the amount of controversy is clearly satisfied.

## **CONCLUSION**

Mr. Danna's request for a continuance of the submission of Plaintiffs' Motion to Compel Arbitration until January 3, 2018 or a later date following resolution of Mr. Danna's Motion to Dismiss is unsupported in the law, unwarranted under the facts and circumstances of this matter, would subject Plaintiffs to unwarranted further litigation in the CDC Lawsuit in disregard of the valid and binding Arbitration Agreement, and would unduly prejudice Plaintiffs.  Accordingly, Plaintiffs respectfully request that this Court deny Mr. Danna's request that the Court re-set the submission date for Plaintiffs' Motion to Compel Arbitration to December 6, 2017, the same date of the submission of Plaintiff's Motion to Dismiss, and further request that the Court deny Plaintiff's Motion for Expedited Hearing and/or Motion to Continue.

Respectfully submitted,

*/s/ George D. Fagan* _____

**GEORGE D. FAGAN (#14260)**
**STEPHANIE VILLAGOMEZ LEMOINE (#31349)**
Leake & Andersson LLP
1100 Poydras Street, 1700 Energy Centre
New Orleans, LA 70163-1706
Tel. (504) 585-7500 or Fax: (504) 585-7775
Email: gfagan@leakeandersson.com
        slemoine@leakeandersson.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been delivered to all counsel of record, by depositing a copy of same in the United States mail, first class postage prepaid at their last known address of record, or by electronic mail, or by ECF Notice, or by facsimile transmission or by hand delivery today, **November 9, 2017**.

_____ */s George D. Fagan* _____