UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARRIOTT INTERNATIONAL, INC. AND SHERATON OPERATING CORPORATION | * * * * | CIVIL ACTION NO. 17-10590 |
| | * | JUDGE IVAN L.R. LEMELLE |
| v. | * * | |
| DEON DANNA | * * | MAG. JUDGE DANIEL E. KNOWLES, III |

*************************************************************************

### DEFENDANT DEON DANNA'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS UNDER FRCP 12(b)(1) AND 12(b)(6) [DOC. 10]

NOW INTO COURT, through undersigned counsel, comes Defendant Deon Danna, who respectfully submits his Reply Memorandum in Support of his Motion to Dismiss Plaintiffs' Complaint under FRCP Rules 12(b)(1) and 12(b)(6) [Doc. 10]. This Reply Memorandum will focus on the arguments made by Plaintiffs in their Opposition Memorandum. But first and foremost, it should be noted that Plaintiffs have not argued in their Opposition and therefore apparently conceded that there is no jurisdiction in this matter arising out of any federal question, contrary to their initial assertion in their Complaint. As pointed out in Defendant's original Memorandum, the U.S. Supreme Court has held that the Arbitration Act does not establish any independent federal – question jurisdiction. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26, 103 S. Ct. 927, 942, 74 L. Ed. 2d 765 (U.S. 1983). Therefore, the only remaining question is whether diversity jurisdiction exists. In considering that issue, it should be noted that "The plaintiff has the burden of proving subject matter jurisdiction by a preponderance of the evidence. ... In evaluating jurisdiction, the district court must resolve disputed facts without giving a presumption of truthfulness to the plaintiff's allegations." *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009).

## Diversity Jurisdiction Does Not Exist
## As There is No Claim by Danna Arising Out of His Employment at Sheraton

To date, Plaintiffs have been unable to point to any claim that is being made by Defendant Danna against Sheraton for anything arising out of his employment at the Sheraton, his application, or his resignation therefrom. The reason for Plaintiffs' lack of evidence is because no such claim exists. For purposes of the Rule 12(b)(1) Motion only (and not to be considered in conjunction with Defendants 12(b)(6) Motion), the Affidavit of Deon Danna, was attached and specifically addresses these issues. As extrinsic evidence may be considered for purposes of a 12(b)(1) Motion, the contents of the Affidavit are important to this question. The Affidavit is attached as Exhibit G to the Motion, and in particular Paragraphs 8 and 9 are repeated here:

> VIII.
> I have not ever made a claim for damages against the Sheraton for any reason, and I am not making any claims for damages against anyone for issues relating to my employment at the Sheraton, or my resignation and departure from the Sheraton, or related to the application or hiring process at the Sheraton.
>
> IX.
> My Louisiana State Court lawsuit is scheduled to go to trial on February 20, 2017, more than seven years after I was wrongfully terminated, and the damages that I seek now are the same as I sought before I resigned from the Sheraton - - - the difference between what I made at the Ritz Carlton New Orleans annually and what I have been able to earn since then, together with general damages for the mental anguish and anxiety I experienced while employed at the Ritz-Carlton New Orleans.

It is therefore clear that Mr. Danna is not making a claim for anything arising from his employment at the Sheraton. The only claim that he has arises out of his 2010 employment at the Ritz-Carlton New Orleans, which case is pending in Civil District Court, Suit No. 2011-1015, Div. "N", and in which there are four Defendants - - - Ritz-Carlton New Orleans, Marriott, Russell Miller (the General Manager in 2009 and 2010) and Zachary Curry (the Hotel Manager in 2009 and 2010). No claims are contained in that lawsuit for any actions that occurred at the Sheraton, or for any actions by Zachary Curry in conjunction with his employment at the Sheraton. As Danna is making no such

2

claim, then there is no amount in controversy, and therefore the claim does not have value exceeding the $75,000 threshold for diversity jurisdiction.

In an attempt to get around this inconvenient fact, plaintiffs have argued that the value of Danna's lawsuit arising out of his 2010 wrongful termination exceeds $75,000. That is true, but that lawsuit arises out of wrongful termination and whistleblower violations which occurred at the Ritz-Carlton in 2010, long before Mr. Danna was employed at the Sheraton, and more than six years before the Marriott purchased the Sheraton. As such, the actual value of Danna's 2010 lawsuit is irrelevant to the issue of diversity jurisdiction in this 12(b)(1) Motion.

Next, Plaintiffs suggest that Mr. Danna *may* in the future file a claim against the Sheraton, but in fact have no evidence for this, and is indicated in Mr. Danna's Affidavit, he is making no such claims. As such, Plaintiffs suggestion of a possible claim is purely speculative and therefore does not meet the requirement of an actual case or controversy, which is a prerequisite to assert federal jurisdiction.

Then Plaintiffs suggest that Mr. Danna is attempting to "backdoor and shoehorn" his Sheraton claims into the CDC lawsuit. However, and as is even pointed out by Plaintiffs, the Civil District Court Judge refused to allow Danna to even mention events that occurred at the Sheraton and has already indicated that those matters will not be part of the lawsuit. Danna still maintains that the Third Amended Petition did not attempt to add a cause of action but simply updated the chronology of events. Nevertheless, Danna has not made any claims against the Sheraton, and is attested by the various pleadings attached to Danna's 12(b)(1) Motion, no such claim has or will be presented.

Lastly, Plaintiffs suggest that they in fact want to move the matter to arbitration, because they want the arbitrator to issue what would effectively be a Declaratory and/or Summary Judgment limiting Danna's damages on future lost wages. Plaintiffs go on to state that they can satisfy the

amount in controversy requirement by the value of the demands for declaratory or summary judgment that they would make in arbitration. Plaintiffs' argument is without merit and is simply an attempt to have this Honorable Court intervene in a 2010 claim even though it has absolutely nothing to do with the Sheraton, since Danna only became employed over three years after he was wrongly terminated by Ritz-Carlton. Further, Plaintiffs' Complaint is solely based upon a Sheraton arbitration form signed in 2013 and Marriott's purchase of the Sheraton in 2016. This appears to be the sole basis on which Plaintiffs have filed the Complaint and seek federal jurisdiction in order to force an arbitration which would disrupt Danna's lawsuit arising out of 2010 causes of action. Clearly, Plaintiffs assertion of federal jurisdiction is without merit and Defendant Danna's 12(b)(1) Motion should be granted.

It should be pointed out that the burden of proof is on the Plaintiffs in the assertion of federal jurisdiction, and they and they alone have the burden of establishing that the value of claims arising out of the Plaintiffs employment at the Sheraton exceeds $75,000. *Lara v. Trominski*, 216 F.3d 487, 491 (5th Cir. 2000). Plaintiffs cannot meet their burden because there is no such claim. Danna's claims all arise out of the 2010 wrongful termination claim, and all damages sought therein are a result of that. The formula for the calculation of damages was set forth in the original petition and that is the same method of calculation.

### The Sheraton Arbitration Form Can Only Apply to Matters Arising Out of Danna's Employment at the Sheraton

As indicated earlier, Plaintiffs attempt to utilize a 2013 Sheraton arbitration form to interfere with a 2010 lawsuit in which the Sheraton is not a party. The sole basis for doing so is that the Marriott purchased the Sheraton, and Marriott therefore wishes to avail itself of the overly broad terms of the Sheraton arbitration form. However, the language of the arbitration form is so incredibly and overly broad, as to suggest that any personal injury case that pre-existed the signed form would be controlled by the Sheraton arbitration form, whether that cause of action arose five years before or twenty years

4

after the Sheraton employment. If read as broadly as it is written, the arbitration form is clearly against public policy and is unconscionable and shouldn't be enforced. *Doctor's Associates, Inc. v. Casarotto,* 116 S. Ct. 1652 (1996), 517 U.S. 681, p. 686-687. If enforced as broadly as Plaintiffs' suggest, if Danna were struck by a drunk Marriott driver in the course and scope of their employment, that claim would be the subject of arbitration based upon a 2013 arbitration form, even though the accident occurred long after Danna resigned from the Sheraton or long before he signed the Sheraton Arbitration form. Similarly, if Danna had a real estate dispute with a Marriott subsidiary which had been pending for ten years before he was employed at the Sheraton, Plaintiffs' interpretation would cover that real estate claim because of an arbitration agreement signed in 2013. This is clearly not what an employment arbitration form is designed to do. The clear intention of the parties was that anything arising out of Mr. Danna's employment at the Sheraton would be the subject of arbitration. In fact, the U.S. Fifth Circuit has already addressed such broad attempts to force pre-existing disputes into later signed arbitration forms. In *General Motors Corp. v. Pamela Equities Corp.*, 146 F.3d 242, 246 (5th Cir. 1998), the United States Fifth Circuit Court of Appeal made it clear that parties to an arbitration contract cannot be forced to submit to arbitration those claims and disputes that arose before the parties entered into the arbitration agreement, unless they expressly chose to do so. "The arbitration contract is in essence a promise to arbitrate a category of future disagreements." "When the parties to a disagreement have not entered a pre-dispute arbitration contract, in order for arbitration to take place, they must agree to submit their existing controversy to the arbitrator(s)…" As Danna's claims for damages arising out of his wrongful termination from his employment at the Ritz-Carlton New Orleans Hotel arise from events that occurred well before he entered into an arbitration agreement with the Sheraton, Sheraton and Marriott have no right to arbitrate anything relating to Danna's 2010 wrongful termination lawsuit in State Court. Clearly the Sheraton arbitration form did

not mention Danna's 2010 claims by name, so there was no agreement to submit those claims to arbitration. Therefore, the arbitration form cannot be the source of diversity jurisdiction.

It should also be noted that Danna has not suggested that the parties are frozen in time as regards to an arbitration form, but instead has indicated that the basis of any arbitration must arise out of Danna's employment with the Sheraton and it does not. The 2010 wrongful termination claims have nothing to do with the Sheraton. Although Plaintiffs use the words unquestionably and undeniably in connection with their reach for federal jurisdiction, nothing could be further from the truth. There is no evidence that Danna has asserted any claims against the Sheraton or any claims arising out of his employment at the Sheraton. All the claims that he has made are solely from the 2010 wrongful termination from the Ritz-Carlton that are a part of his lawsuit in state court.

### Plaintiffs' Suggestion that their Claims Provide Jurisdiction is Without Merit

Plaintiffs suggest any vague or distant connection is enough for a matter to be covered by the arbitration provision. However, the facts of this case do not even remotely fit any jurisprudence which would extend the reach of an arbitration agreement. The overly broad provisions of the Sheraton arbitration form are clearly against public policy and should not be a source of jurisdiction. It should be noted that Defendant Danna resigned from his position as the Director of Engineering at the Sheraton and therefore he does not have a dispute or claim against the Sheraton involving his employment at the Sheraton; and therefore, there is no right to arbitration that needs protecting.

The cases that Plaintiffs cite regarding how to determine the amount in controversy are clearly distinguishable from the present case and do not support the plaintiffs' claim that the amount in controversy element of diversity jurisdiction is satisfied in this case. In *Allstate Ins. Co. v. Hilbun*, 692 F. Supp. 698, 700 (S.D. Miss. 1988), Allstate's insured was involved in a three vehicle accident and filed suit against the insurance companies that provided coverage to the other two drivers. Both

of those insurance companies denied coverage, stating that their insured was not at fault, so Allstate's insured made a demand against Allstate, as her uninsured motorist carrier, to determine whether the insurers of the other drivers regarded themselves as providing coverage, and if not to pay her claims for the damage she sustained in the accident. In response, Allstate filed a Declaratory Judgment in federal court to have declared whether the other drivers involved in the accident were uninsured motorists, because if they are not Allstate would not have to assume liability for the damage sustained by its insured.

Allstate's insured opposed the Declaratory Judgment, arguing there was no diversity jurisdiction because the amount in controversy requirement was not satisfied. However, the *Allstate Ins. Co.* court held that the amount in controversy requirement was satisfied. The "the value of the right to be protected or the extent of the injury to be prevented" was Allstate being found liable and having to pay the policy limits of the unisured motorist coverage it provided its insured, which was $100,000.00. *Allstate Ins. Co. v. Hilbun*, 692 F. Supp. 701 (S.D. Miss. 1988). Also, Allstate's insured sent correspondence to Allstate promising to seek punitive damages from Allstate for refusing to pay benefits under the policy.

This case is easily distinguishable. First, that case involved an actual dispute between the parties that arose directly from a tort and a violation of an insurance contract. In *Allstate Ins. Co. v. Hilbun*, Allstate's insured had filed suit against the insurers of the other two drivers involved in the accident with her, and the object of that litigation was who was liable for the injuries and property damages sustained by Allstate's insured. Second, the exposure of Allstate directly arose from its own contract with the injured party and the actual accident that triggered that exposure. In contrast, the pending litigation between the plaintiffs and Deon Danna in the Civil District Court strictly concerns Danna's claims for damages arising from Ritz-Carlton New Orleans, Marriott, Russell Miller, and

Zachary Curry's breach of the Employee Agreement, violation of La R.S. Art. 23:967, and intentional spoliation of evidence. None of the claims asserted by Danna in his suit Civil District Court suit are against the Sheraton, none of those claims arise out of Danna's employment at Sheraton, and there is absolutely no possibility that the Sheraton can be found liable for any of those claims.

Plaintiffs also rely on *Leininger v. Leininger,* 705 F.2d 727 at 728, where the Plaintiff filed suit in federal court in Mississippi based on diversity jurisdiction to enjoin a Ohio judgment filed by his wife, which rendered an alimony judgment against the plaintiff for $105,000.00. The *Leininger* court found that the amount in controversy requirement for diversity jurisdiction was satisfied because the "object of the litigation" or the "extent of the injury to be prevented" was whether the plaintiff was liable to pay $105,000.00 in alimony. *Leininger v. Leininger,* 705 F.2d 727 at 729. Again, this case is easily distinguishable. First, there was an actual dispute between the parties arising from a precipitating event. Here, no claims have been asserted against Sheraton, and none have been made for anything arising from Danna's employment with the Sheraton. Second, the exposure of the Plaintiff arose out of his own marriage and the actual divorce that triggered his exposure. In the case at hand, the Plaintiffs have no exposure arising out of Danna's employment at the Sheraton. Unlike the *Leinniger* plaintiff, the Sheraton cannot be found liable for the claims asserted by Danna in his Civil District Court suit because those claims arise from events that occurred in 2009 and 2010, before Danna even applied for the Director of Engineering position at the Sheraton. Because the object of Danna's Civil District Court suit does not involve his employment at or departure from the Sheraton, there is no right to arbitrate. Therefore, there is no amount in controversy and thus no diversity jurisdiction.

Plaintiffs suggest that any claims that they have against Mr. Danna because of his employment application arose after Marriott purchased the Sheraton. Nevertheless, as Danna is not asserting any

claims against the Sheraton and there are no claims that arise out of his employment at the Sheraton, it is of no moment.

### Plaintiffs' Claims Are Moot

The Civil District Court judge made it very clear that none of the Sheraton employment facts or circumstances would be part of the 2010 lawsuit. Some of the chronology information had been sought by Danna to be included in a Third Amended Petition, which was denied. As such, Plaintiffs claims herein are moot. Plaintiffs claim that the Courts are not to consider the merits of the claim in a Motion to Dismiss. However, this is not an issue of merits, it is a question of whether there is a claim, and there is none. Further, Plaintiffs' suggestion that the State Court Judge not allowing Sheraton information to be part of Danna's 2010 wrongful termination lawsuit demonstrates that Sheraton employment facts are subject to arbitration is factually inaccurate. In a recent hearing, the Honorable Judge Julien specifically stated that it was ridiculous for Marriott to claim that the 2013 Sheraton arbitration form had any application whatsoever to Danna's claims.

### All of Danna's Exhibits Should Be Considered by this Honorable Court

Plaintiffs incorrectly suggest that Danna has attached extrinsic evidence in support of his 12(b)(6) Motion. Nothing could be further from the truth. In fact, Danna on page 13 of his original Memorandum in Support of his Motion to Dismiss indicated "this Affidavit is submitted solely for the purposes of the Rule 12(b)(1) and should not be considered in connection with the 12(b)(6) Motion. The full list of attachments to the Motion to Dismiss are listed here:

| | |
|---|---|
| Exhibit A | Petition for Damages (CDC) |
| Exhibit B | First Amended Petition for Damages |
| Exhibit C | Second Amended Petition for Damages |
| Exhibit D | Fourth Amended Petition for Damages |

Exhibit E      Memorandum in Opposition to Defendants Motion for Leave to Conduct Certain Discovery and Take Other Steps

Exhibit F      Judgment on Danna's Third Amended Petition

Exhibit G      Affidavit of Deon Danna

As can be seen by the list, all of the exhibits, including Danna's Affidavit, are clearly appropriate for 12(b)(1) considerations. *Voisin's Oyster House, Inc. v. Guidry*, 799 F2d 183, 189 (5th Cir. 1986). The other attachments dealt with Danna's original and amending Petitions, and the actual ruling by the Court not allowing the filing of the Third Amended Petition. These are all clearly referenced by the Plaintiffs in their original Complaint, and are the basic foundation for Plaintiffs' filing their Complaint. *Mediacom Southeast LLC v. BellSouth Telecommunications, Inc.*, 672 F3d 396, 400 (6th Cir. 2012). Importantly, these state court pleadings contradict Plaintiffs allegations in their Complaint, and Plaintiffs' allegations should be disregarded. *Branch v. Tunnell*, 14 F3d 449, 454 (9th Cir. 1994); *Bryant v. Avado Brands, Inc.*, 187 F3d 1271, 1281 (11th Cir. 1999); *Thompson v. Illinois Dept. of Prof. Reg.*, 300 F3d 750, 754 (7th Cir. 2002); and *Sprewell v. Golden State Warriors*, 266 F3d 979, 988 (9th Cir. 2001). Exhibit E is appropriate for 12(b)(1) consideration in that this was filed in the state court pleadings, and makes it crystal clear that no claim is being asserted for events relating to the Sheraton. Further, Plaintiffs cannot complain to the attachment of exhibits by Defendant which are central to their claims but which Plaintiffs do not attach as it does not support their own claim. *Pension Benefit Guar. Corp. v. White Consolidated Industries, Inc.*, 998 F2d 1192, 1196 (3rd Cir. 1993).

## Conclusion

Defendant Deon Danna moves this Honorable Court to dismiss Plaintiffs' action pursuant to FRCP 12(b)(1) because of lack of subject matter jurisdiction, on the grounds that (1) the matter is not ripe and Plaintiffs have no standing since no claim for damages has been asserted by Defendant Danna

for any matter relating to his employment at Sheraton New Orleans; (2) that no diversity jurisdiction exists, as there is no claim arising out of Danna's employment at Sheraton, and therefore no amount in controversy; (3) there is no federal question; (4) even assuming that a federal question exists, there is no claim for damages that would trigger any arbitration agreement; (5) the issue is also moot as regards Danna's state court lawsuit against the Ritz Carlton New Orleans, Marriott, and others; and (6) additionally Marriott has no standing as it is not a party to the Sheraton arbitration agreement. Additionally, the Sheraton arbitration form cannot be an independent source of jurisdiction and in any event cannot relate to claims and lawsuits that pre-date the signing of the arbitration form.

Further, Defendant moves this Honorable Court to dismiss the action pursuant to FRCP 12(b)(6) because plaintiffs complaint fails to state a claim upon which relief can be granted, on the grounds that since there is no actual claim by Defendant Danna for damages arising out of his employment at Sheraton, there can be no order to arbitrate a non-existent claim. Further, Plaintiffs cannot utilize the 2013 Sheraton arbitration form as a vehicle to interfere in Danna's lawsuit and claims that existed for years before the 2013 Sheraton arbitration form was signed.

Dated this 1st day of December, 2017.

Respectfully submitted,

/s/ K. Randall Evans
K. Randall Evans, #16904, T.A.
H. James Parker, #22847
Evans & Clesi, PLC
336 Lafayette Street, Suite 200
New Orleans, LA  70130
(504) 523-8523; (504) 523-8522 – fax
krevans@evansandclesi.com

## CERTIFICATE OF SERVICE

I certify that on the 1st day of December, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

George D. Fagan
Margaret F. Swetman
Stephanie Villagomez Lemoine
Leake & Andersson, LLP
1100 Poydras Street
1700 Energy Centre
New Orleans, LA 70163-1706
(504) 585-7500
Fax: (504) 585-7775
Attorneys for Plaintiffs

/s/ K. Randall Evans
K. Randall Evans, #16904, T.A.

7612/Reply Memorandum in Support of Motion to Dismiss