UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MARRIOTT INTERNATIONAL, INC., ET AL.**          **CIVIL ACTION**

**VERSUS**                                        **NO. 17-10590**

**DEON DANNA**                                    **SECTION "B"(3)**

## ORDER AND REASONS

There are two motions before the Court. Plaintiffs filed a "Motion to Compel Arbitration" (Rec. Doc. 9), which Defendant has opposed (Rec. Doc. 11). Defendant also filed a "Motion to Dismiss" (Rec. Doc. 10) for lack of subject matter jurisdiction and failure to state a claim. Plaintiffs filed an opposition memorandum. Rec. Doc. 22. Defendant then sought, and was granted, leave to file a reply (Rec. Doc. 27).

For the reasons discussed below,

**IT IS ORDERED** that Defendant's motion to dismiss (Rec. Doc. 10) is **GRANTED** and Plaintiffs' claims against Defendant are **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiffs' motion to compel arbitration (Rec. Doc. 9) is **DISMISSED AS MOOT.**

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Defendant worked at the Ritz Carlton in New Orleans from 2000 to 2010, when he was fired. Rec. Doc. 1 ¶ 11. In 2011, Defendant sued Ritz Carlton and its corporate parent, Marriott, in Louisiana state court. *Id.* ¶¶ 10, 12. Defendant alleges that he was fired in

1

violation of a Louisiana whistleblower statute and his employment agreement. *Id.* ¶ 13. The lawsuit is ongoing. *Id.* ¶ 12.

In 2013, Defendant was hired by the Sheraton in New Orleans. *Id.* ¶ 21. When Defendant applied for the Sheraton position, he signed an arbitration agreement. *Id.* ¶ 20. In 2016, Marriott purchased Sheraton. *Id.* ¶¶ 21-22. In August 2017, Defendant resigned from his position at Sheraton. *Id.* ¶ 39.

On October 12, 2017, Plaintiffs filed a Complaint seeking "entry of a judgment compelling and requiring Defendant to submit [to arbitration] any and all claims or disputes that now exist or may hereafter arise in connection with or in any manner relating to Defendant's [Sheraton] application, Defendant's employment at the [Sheraton], or Defendant's resignation or separation therefrom . . . ." Rec. Doc. 1 ¶ 64. Defendant then filed his Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim. *See* Rec. Doc. 10.

## **LAW AND ANALYSIS**

On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the party asserting jurisdiction bears the burden of "alleg[ing] a plausible set of facts establishing jurisdiction." *Physician Hosps. of America v. Sebelius*, 691 F.3d 649, 652 (5th Cir. 2012). When deciding whether this burden has been met, a court may analyze "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the

2

record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).

"[R]ipeness is a constitutional prerequisite to the exercise of jurisdiction." *Lower Colo. River Auth. v. Papalote Creek II, LLC*, 858 F.3d 916, 922 (5th Cir. 2017). "Under Article III of the Constitution, federal courts are confined to adjudicating cases and controversies. And to be a case or controversy for Article III jurisdictional purposes, the litigation must be ripe for decision, meaning that it must not be premature or speculative." *Id.* When deciding whether a complaint to compel arbitration is ripe, a court "must look through the [complaint] . . . to determine whether the underlying dispute presents a sufficiently ripe controversy to establish federal jurisdiction." *Id.* (citing *Vaden v. Discover Bank*, 556 U.S. 49 (2009)). This procedure is necessary because the Federal Arbitration Act "does not enlarge federal-court jurisdiction; rather, it confines federal courts to the jurisdiction they would have had save for the arbitration agreement . . . ." *Id.* at 923 (quoting *Vaden*, 556 U.S. at 66).

Here, Plaintiffs seek an order compelling Defendant to submit claims to arbitration. *See* Rec. Doc. 1 ¶ 64. However, Plaintiffs do not point to any pending claims and instead base their complaint

3

on the possibility that Defendant will bring claims in the future.[1] "In the declaratory judgment context, whether a particular dispute is ripe for adjudication turns on whether a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests." *Lower Colo. River Auth.*, 858 F.3d at 924. While the "threat of litigation can establish a justiciable controversy if it is specific and concrete[,]" such an inquiry is fact-specific and turns on "the practical likelihood" that litigation will actually begin. *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002). Therefore, the inquiry must focus on the likelihood that Defendant will actually assert the claims attributed to him in Plaintiffs' complaint.

Plaintiffs' strongest allegation is that Defendant unsuccessfully attempted to add to his state lawsuit "claims relating to his employment at the" Sheraton. Rec. Doc. 1 ¶ 27. But Plaintiffs weaken this allegation by proceeding to acknowledge that Defendant's state lawsuit "does not include claims relating to the termination of his [Sheraton] employment" and that Defendant "has so far not filed a separate complaint regarding his [Sheraton] employment . . . ." Rec. Doc. 22 at 3; *see also id.* at 11

---

[1] Plaintiffs vaguely argue that Defendant has already brought arbitrable claims in his state lawsuit by seeking damages for lost future wages through his expected retirement. *See* Rec. Doc. 1 ¶ 48. But a claim and the relief sought for a claim are two separate things. *See* Fed. R. Civ. P. 8(a). As discussed herein, Plaintiffs do not plausibly allege that the *claims* in Defendant's state lawsuit are subject to the arbitration agreement.

4

(admitting "[t]he fact that [Defendant] is not—for the moment—asserting a legal action *against* Sheraton . . ."); *id.* at 17 ("The CDC Judge has clearly refused to allow any claims or disputes relating to [Defendant's] employment at the [Sheraton] or his termination therefrom to become part of the CDC lawsuit . . . ."). Moreover, Defendant states in an affidavit attached to his motion to dismiss that he has not brought any claims related to his employment at Sheraton. *See* Rec. Doc. 10-9 at 2.

Most importantly, given that Plaintiffs seek an order compelling arbitration of future claims, Plaintiffs' complaint offers no detail about what types of claims Defendant might assert. Nor do Plaintiffs explain if, or when, Defendant will assert claims subject to arbitration. Given the lack of detail about what claims Defendant might bring and when he might bring them, Plaintiffs' complaint does not plausibly allege that there is a concrete threat of litigation. Therefore, Plaintiffs' complaint does not present a dispute ripe for adjudication at this time. *See Lower Colo. River Auth.*, 858 F.3d at 925-26 (explaining that a dispute was not ripe for adjudication because there was only a possibility that the contract at issue would be breached); *Shields*, 289 F.3d at 836-37 (reasoning that there was no concrete threat of litigation because the prospective plaintiffs had not communicated a specific intent to begin litigation); *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 897-98 (5th Cir. 2000) ("Future claims could raise any number

of issues . . . or they could never be filed at all. Such unasserted, unthreatened, and unknown claims do not present an immediate or real threat" of litigation.).

New Orleans, Louisiana, this 18th day of January, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE