**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MARRIOTT INTERNATIONAL, INC., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-10590** |
| **DEON DANNA** | **SECTION "B"(3)** |

## ORDER AND REASONS

Plaintiffs filed a motion for reconsideration of the Order and Reasons dismissing Plaintiffs' complaint or, in the alternative, for leave to file an amended complaint. Rec. Doc. 32. Defendant timely filed an opposition. Rec. Doc. 33.

For the reasons discussed below,

**IT IS ORDERED** that Plaintiffs' motion is **GRANTED** insofar as Plaintiffs seek leave to file an amended complaint and **DENIED** insofar as Plaintiffs seek reconsideration of the dismissal of their original Complaint. The proposed pleading (Rec. Doc. 32-2) attached to the motion shall be filed into the record, subject to the conditions stated **infra**.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Defendant worked at the Ritz Carlton in New Orleans from 2000 to 2010, when he was fired. Rec. Doc. 1 ¶ 11. In 2011, Defendant sued Ritz Carlton and its corporate parent, Marriott, in Louisiana state court. *Id.* ¶¶ 10, 12. Defendant alleges that he was fired in violation of a Louisiana whistleblower statute and his employment agreement. *Id.* ¶ 13. The lawsuit is ongoing. *Id.* ¶ 12.

1

In 2013, Defendant was hired by the Sheraton in New Orleans. *Id.* ¶ 21. When Defendant applied for the Sheraton position, he signed an arbitration agreement. *Id.* ¶ 20. In 2016, Marriott purchased Sheraton. *Id.* ¶¶ 21-22. In August 2017, Defendant resigned from his position at Sheraton. *Id.* ¶ 39.

On October 12, 2017, Plaintiffs filed a Complaint seeking "entry of a judgment compelling and requiring Defendant to submit [to arbitration] any and all claims or disputes that now exist or may hereafter arise in connection with or in any manner relating to Defendant's [Sheraton] application, Defendant's employment at the [Sheraton], or Defendant's resignation or separation therefrom . . . ." Rec. Doc. 1 ¶ 64.

Defendant then filed his Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim. *See* Rec. Doc. 10. The Court granted Defendant's motion to dismiss on ripeness grounds because Plaintiffs' complaint failed to plead facts sufficient to establish a ripe controversy between the parties. *See* Rec. Doc. 30. Plaintiffs then filed the instant motion to reconsider the dismissal of their original Complaint or, in the alternative, file an amended complaint. *See* Rec. Doc. 32.

**LAW AND ANALYSIS**

Pursuant to Federal Rule of Civil Procedure 59(e), Plaintiffs seek (1) reconsideration of the dismissal of their original

Complaint or (2) leave to file an amended complaint.[1] *See* Rec. Doc. 32 at 1. "Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "A Rule 59(e) motion . . . is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before" the order was issued. *Id.* at 478-79. As a result, the "extraordinary remedy" available under Rule 59(e) "should be used sparingly." *Id.* at 479.

Plaintiffs' first request is for the Court to reconsider the dismissal of the original Complaint for lack of subject matter jurisdiction. The Court dismissed Plaintiffs' original Complaint because it failed to establish a ripe controversy between the parties. *See* Rec. Doc. 30. Specifically, the Court concluded that Plaintiffs' Complaint did not plead sufficient facts to establish that Defendant had already brought or would soon bring arbitrable claims against Plaintiffs. *See id.* at 4-6. In the instant motion, Plaintiffs argue that the simple fact that Defendant's 2011 state lawsuit seeks damages from Marriott and its affiliated companies was sufficient to plead a ripe controversy. *See* Rec. Doc. 32-1 at 12-14.

---

[1] Plaintiffs' motion is properly analyzed under Federal Rule of Civil Procedure 59(e) because it was filed within twenty-eight days after Plaintiffs' complaint was dismissed. *See Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003); Fed. R. Civ. P. 6(a)(1)(C).

3

This argument stands in stark contrast to Plaintiffs' earlier statements in memoranda previously filed in this case. As discussed in the previous Order and Reasons, Plaintiffs repeatedly "acknowledge[d] that Defendant's state lawsuit 'does not include claims relating to the termination of his [Sheraton] employment' and that Defendant 'has so far not filed a separate complaint regarding his [Sheraton] employment . . . .'" Rec. Doc. 30 at 4 (citing Rec. Doc. 22 at 3); *see also* Rec. Doc. at 11 (admitting "[t]he fact that [Defendant] is not—for the moment—asserting a legal action *against* Sheraton . . ."); *id.* at 17 ("The CDC Judge has clearly refused to allow any claims or disputes relating to [Defendant's] employment at the [Sheraton] or his termination therefrom to become part of the CDC lawsuit . . . ."). The previous Order and Reasons also noted that "Defendant state[d] in an affidavit attached to his motion to dismiss that he has not brought any claims related to his employment at Sheraton." Rec. Doc. 30 at 5 (citing Rec. Doc. 10-9 at 2). Given the parties' agreement that Defendant's claims in his state lawsuit do not arise out of his employment at the Sheraton, the Court reasoned that there was no ripe controversy between the parties about whether these claims were subject to arbitration. *See* Rec. Doc. 30 at 4-5. Plaintiffs offer no explanation for their apparent change of heart about the nature of Defendant's state lawsuit. There is no indication that the nature of Defendant's state lawsuit has recently changed. Thus,

4

there is no basis for the Court to reconsider its previous conclusion that the allegations in Plaintiffs' original Complaint are not ripe for adjudication. *See Templet*, 367 F.3d at 478-79.

Alternatively, Plaintiffs argue that it was improper to dismiss their original Complaint because it adequately pled claims by Plaintiffs against Defendant. *See* Rec. Doc. 32-1 at 3-5, 9-14. While the Court does not dispute that the arbitration agreement allows either party to initiate arbitration, *see* Rec. Doc. 1-2, that is not the end of the inquiry because Plaintiffs must then actually plead a ripe claim against Defendant. As explained in the Order and Reasons dismissing Plaintiffs' original Compliant, ripeness is a prerequisite for a court to exercise jurisdiction over a complaint to compel arbitration. *See* Rec. Doc. 30 at 2-4. Therefore, a court "must look through the [complaint] . . . to determine whether the underlying dispute presents a sufficiently ripe controversy to establish federal jurisdiction." *Lower Colo. River Auth. v. Papalote Creek II, LLC*, 858 F.3d 916, 922 (5th Cir. 2017) (citing *Vaden v. Discover Bank*, 556 U.S. 49 (2009)).

Plaintiffs direct the Court to five paragraphs from the Complaint that allegedly plead a ripe claim by Plaintiffs against Defendant. *See* Rec. Doc. 32-1 at 4. But none of the paragraphs include facts that suggest a ripe controversy exists. The first asserts the legal conclusion that disputes related to Defendant's

employment at the Sheraton are subject to arbitration.[2] The second offers a similar legal conclusion.[3] The third offers yet another legal conclusion, namely that the arbitration agreement is valid.[4] The fourth again offers a conclusory statement that claims related to Defendant's employment at Sheraton are subject to the arbitration agreement.[5] The fifth asks the Court to order Defendant to submit *his* "claims or disputes" to arbitration."[6] While a court must accept as true well-pleaded factual allegations at the motion to dismiss stage, the same is not true of legal conclusions. *See Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 622 (5th Cir. 2012). These five conclusory paragraphs do not suggest that Plaintiffs'

---

[2] "44. The adjudication and resolution of any claims or disputes in connection with or relating to Defendant's employment at the SNOH, including his application for employment, his resignation therefrom and/or any claims or rights to alleged damages, earnings or losses during or after his employment at the SNOH, are subject to and governed by the Arbitration Agreement signed by Defendant and Sheraton." Rec. Doc. 1 ¶ 44.

[3] "60. As the language of the Arbitration Agreement makes clear, any claims and disputes involving Defendant and Plaintiffs, and/or Defendant and the CDC Defendants, that now exist or may hereafter arise in connection with or in any manner relating to Defendant's SNOH application, Defendant's employment at the SNOH, or his resignation or separation therefrom, are subject to and governed by the Arbitration Agreement." Rec. Doc. 1 ¶ 60.

[4] "61. The Arbitration Agreement is a valid agreement to arbitrate between the Defendant on one hand and Sheraton and Marriott on the other hand." Rec. Doc. 1 ¶ 61.

[5] "62. The claims and disputes involving Defendant and Marriott or Sheraton, and/or any of Plaintiffs' affiliates or associates, that now exist or may hereafter arise in connection with or in any manner relating to Defendant's SNOH application, Defendant's employment at the SNOH, or Defendant's resignation or separation therefrom, fall within the scope of and are subject to the Arbitration Agreement." Rec. Doc. 1 ¶ 62.

[6] "64. Marriott and Sheraton are entitled to and request the entry of a judgment compelling and requiring Defendant to submit any and all claims or disputes that now exist or may hereafter arise in connection with or in any manner relating to Defendant's SNOH application, Defendant's employment at the SNOH, or Defendant's resignation or separation therefrom, for binding arbitration before the American Arbitration Association as described in the Arbitration Agreement, including any claims or disputes involving Defendant and Marriott or Sheraton, and/or any of Plaintiffs' affiliates or associates." Rec. Doc. 1 ¶ 64.

6

original Complaint adequately pled claims by Plaintiffs against Defendant. Therefore, Plaintiffs have again demonstrated no basis to reconsider the dismissal of Plaintiffs' original Complaint. Moreover, Defendants' attempt to relitigate the same issues borders on sanctionable conduct that could be deemed frivolous, harassing, and lacking in good faith.

Having addressed Plaintiffs' arguments for reconsideration of the dismissal of their original Complaint, the Court now turns to their request for leave to file an amended complaint. Defendant's only argument against granting leave to file an amended complaint is that Plaintiffs should have properly alleged their claims in the first instance, *see* Rec. Doc. 33 at 3-4, but that is not the proper standard. When a plaintiff seeks leave to file an amended complaint via a motion under Rule 59(e), the standard under Federal Rule of Civil Procedure 15 is applicable. *See Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864-64 (5th Cir. 2003); *Dussouy v. Gulf Coast. Inv. Grp.*, 660 F.2d 594, 597 n.1 (5th Cir. 1981). Under Rule 15, a "court should feely give leave [to file an amended complaint] when justice so requires." Fed. R. Civ. P. 15(a). The factors to consider when deciding whether to grant leave include: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, and futility of the amendment."

*Rosenzweig*, 332 F.3d at 864 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Only the futility factor is potentially applicable here. This is Plaintiffs' first request for leave to file an amended complaint, which was filed after their original Complaint was dismissed. *See* Rec. Docs. 31, 32. Therefore, Plaintiffs seem to offer, albeit later than usually expected, an amended complaint in an effort to cure their original deficiencies. However, to grant leave to amend, the Court must examine whether "the amended complaint would fail to state a claim upon which relief could be granted." *SGK Props., LLC v. U.S. Bank Nat'l Assoc.*, 881 F.3d 933, 944-45 (5th Cir. 2018). If that is the case, the amendment would be futile. *See id.*

The proposed Amended and Supplemental Complaint seeks a declaratory judgment that Defendant's alleged violations of his Sheraton employment contract preclude him from seeking damages from Plaintiffs for periods of time from 2013 to 2032. *See* Rec. Doc. 32-2 at 7. The proposed Amended and Supplemental Complaint also alleges that Plaintiffs' claim for declaratory relief is governed by a valid arbitration agreement. *See id.* As a result, the proposed Amended and Supplemental Complaint seeks an order that Defendant participate in arbitration of Plaintiffs' claim for declaratory relief. *See id.* Because Defendant is currently seeking damages from Plaintiffs for those periods, which indicates

Defendant's belief that he can obtain such damages, there may be a ripe controversy between the parties. *See Lower Colo. River*, 858 F.3d at 92.

The allegations made in the proposed Amended and Supplemental Complaint are therefore distinct from those advanced in the initial Complaint, which sought an order compelling Defendant to submit ***his*** claims to arbitration. *See* Rec. Doc. 1 ¶ 64. The proposed Amended and Supplemental Complaint instead envisions a situation in which ***Plaintiffs*** initiate an arbitration proceeding to assert the rights they understand themselves to possess under Defendant's employment contract with Sheraton. Because Plaintiffs' proposed Amended and Supplemental Complaint includes facts that just minimally describe a ripe controversy between Plaintiffs and Defendant, as well as a valid arbitration agreement, leave to file an amended complaint is appropriate, **provided** it causes no interference with the ongoing 2011 filed action in state court against Ritz Carlton and its corporate parent, Marriott.

New Orleans, Louisiana, this 4th day of April, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE